28   375|
30   333|

———

### Hugh Hanley and Pleas. Chance v. The State.
*No. 2863.    Decided February 15.*

**Theft—Evidence—Charge of the Court.**—Proof of the contemporaneous theft of other property than that for the theft of which the defendant is on trial is not admissible unless such proof conduces to establish identity in developing the *res gestæ*, or to prove the guilt of the accused by circumstances connected with the theft, or to show the intent with which the defendant acted with respect to the property for the theft of which he is on trial. When such proof is admitted for either of the legitimate purposes indicated, the charge of the court must apprise the jury of the purpose of the proof, and that they can not convict defendant for the theft of any other property than that named in the indictment. In failing to so instruct the jury in this case, and in refusing a special charge to supply the omission, the trial court erred.

Appeal from the District Court of Victoria. Tried below before Hon. H. C. Pleasants.

The conviction was for cattle theft, and the penalty assessed against the appellant was a term of two years in the penitentiary.

*A. B. Petticolas* and *A. S. Thurmond,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

White, Presiding Judge.—Appellants were tried and convicted for the theft of a cow, the property of one Fagan. On the trial it was proved that eight other animals, belonging to other parties, were stolen in the same manner, if not at the same time. Defendants, by special instruction, asked the court to limit the purposes for which this evidence with regard to the theft of these other animals could and should only be considered by the jury, which instruction was refused, and the charge as given failed to apprise the jury of the only purposes of said proof. It was error to refuse the instruction.

"In a trial for theft it is not competent for the State to prove the theft of other property at the same time and place as the property in question, unless such proof conduces to establish identity in developing the *res gestæ,* or to prove the guilt of the accused by circumstances connected with the theft, or to show the intent with which the accused acted with respect to the property for the theft of which he is on trial. And when such proof is admitted for either of the legitimate purposes indicated,

the charge of the court must apprise the jury of the purpose of the proof" (Kelley v. The State, 18 Texas Ct. App., 262), and that they could not convict the defendant for the theft of any other property than that named in the indictment. Carter v. The State, 23 Texas Ct. App., 508; see also Willson's Crim. Stats., sec. 1306, p. 268; Reno v. The State, 25 Texas Ct. App., 102; Gentry v. The State, 25 Texas Ct. App., 614.

Judgment is reversed and the cause remanded.

*Reversed and remanded.*

Hurt, J., absent.